# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# KANSAS CITY DIVISION

GEORGE CHERRY, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

FIRST ADVANTAGE BACKGROUND SERVICES CORP.,

    Defendant.

Civil Action No. _____

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant First Advantage Background Services Corp. ("Defendant") hereby removes this action from the Circuit Court of Clinton County, State of Missouri ("State Court"), in which court the cause of action was filed, to the United States District Court for the Western District of Missouri, Kansas City Division. In support thereof, Defendant state as follows:

1. Defendant exercises its right under the provisions of 28 U.S.C. §§ 1331, 1441, and 1446 to remove this case from the State Court, in which the case was filed under the name and style, *George Cherry, individually and on behalf of all*



*others v. First Advantage Background Services Corp.*, Circuit Court of Clinton County, State of Missouri, Case No. 19CN-CC00011.

2.  28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the Defendant to the district court of the United States for the district and division embracing the place where such action is pending."

3.  This is a civil action that was instituted in the State Court, and has not been tried.

4.  Plaintiff George Cherry ("Plaintiff") filed a Complaint (the "Complaint") against Defendant in the State Court on or about March 20, 2019, as more fully set out in Exhibit 1, attached hereto and incorporated herein by reference.

5.  Plaintiff served copies of a Summons and the Complaint on Defendant on March 21, 2019, as more fully set out in Exhibit 2, attached hereto and incorporated herein by reference. **SUBJECT MATTER JURISDICTION**

**Federal Question Jurisdiction Exists Pursuant To 28 U.S.C. § 1331**

5.  The Court has subject matter jurisdiction over this matter and this case is properly removed to this Court because, as more fully set forth below:

6. Pursuant to 28 U.S.C. § 1331, the cause of action in the Complaint arises under the laws of the United States.

7. 28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. As this Court has held, "the determination of whether a case arises under federal law is made by examining the face of a plaintiff's well-pleaded complaint." *Tovey v. Prudential Ins. Co. of America*, 42 F. Supp.2d 919, 921 (W.D. Mo. 1999).

9. Removal here is proper under 28 U.S.C. § 1441(a) because the Court has original jurisdiction, pursuant to 28 U.S.C. § 1331, over Plaintiff's claims arising under federal law.

10. Specifically, the only causes of action set forth in Plaintiff's Complaint are for violation of § 1681e(b) and § 1681k of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* See Complaint ¶¶ 28, 38, 40, 54. Plaintiff does not assert any other claims except for these alleged violations of the FCRA.

11. Plaintiff's FCRA claims present a substantial federal question sufficient to confer federal jurisdiction. *See, e.g., Foltz v. Guitar Center Stores, Inc.*, No. 14-4308, 2015 WL 12868219, at *1 (W.D. Mo. Dec. 10, 2015) ("The Lawsuit

- 3 -
Case 5:19-cv-06052-DGK    Document 1-1    Filed 04/18/19    Page 3 of 18
13380687v1

was removed to this Court on November 26, 2014 based on federal question jurisdiction. Plaintiff asserted class claims against Defendant under the Fair Credit Reporting Act."); *Bruce v. Homeward Residential, Inc.*, No. 14-3325, 2015 WL 5797846, at *6 (N.D. Ga. Aug. 31, 2015) ("As this matter was removed on the basis of federal question jurisdiction, the Court begins its analysis with the FCRA claim, as it is the only claim that provides a basis for federal question jurisdiction."). Accordingly, Plaintiff's alleged claim arises under federal law within the meaning of 28 U.S.C. § 1331, and thus the instant action is properly removed to this Court.

## PROCEDURAL COMPLIANCE

12. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after the receipt by Defendant of a copy of the summons and the initial pleadings setting forth the claim for relief on which this removal is based.

13. Pursuant to 28 U.S.C. § 1441 *et seq.*, the right exists to remove this case from the State Court, to the United States District Court for the Western District of Missouri, which embraces the place where the action is pending.

14. The United States District Court for the Western District of Missouri, embraces the county in which the state court action is now pending, and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 90(a)(2).

15. No previous application has been made for the relief requested herein.

16. Pursuant to the provisions of 28 U.S.C. § 1446(a), attached as Exhibit A is a copy of the Complaint bearing Case No. 19CN-CC00011, filed in the State Court, as well as the Summons and attached as Exhibit B is a copy of the Proofs of Service.

17. There are no other Defendants in this action.

18. Written notice of the filing of this Notice of Removal will be served upon Plaintiff's counsel, via process server at the address listed in the Complaint.

19. A true and correct copy of this Notice of Removal will be filed with the clerk of the State Court, as required by law, and served upon Plaintiff's counsel. *See* 28 U.S.C. § 1446(d).

20. By removing this case from State Court to this Court, Defendant does not waive any available defenses or admit any of the allegations made in Plaintiff's Complaint.

**WHEREFORE**, Defendant hereby prays that this Court removes the captioned matter from the Circuit Court of Clinton County, Missouri to this Court, and all other relief deemed proper and just.

Respectfully submitted,

JAMES W. TIPPIN & ASSOCIATES

/s/ *Dana T. Cutler*
Dana Tippin Cutler MO#36377
21 West Gregory Boulevard
Kansas City, Missouri 64114
816.471.8575
816.421.0243 – Fax
dtcutler@tippinlawfirm.com

/s/ Henry R. Chalmers
Henry R. Chalmers
Georgia Bar No. 118715
henry.chalmers@agg.com
Edward P. Cadagin
Georgia Bar No. 647699
edward.cadagin@agg.com

ARNALL GOLDEN GREGORY LLP
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363
Telephone: 404-873-8500
Facsimile: 404-873-8501

*Counsel for Defendant First Advantage Background Services, Corp.*

## IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI

| | |
|---|---|
| **GEORGE CHERRY,**<br>Individually And On Behalf Of<br>All Others,<br>    Plaintiff,<br><br>vs.<br><br>**FIRST ADVANTAGE BACKGROUND**<br>**SERVICES CORP.**<br>Registered Agent:<br>CSC-Lawyers Incorp. Service Co.<br>221 Bolivar Street<br>Jefferson City, MO   65101<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  Case No.:<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PETITION

**COMES NOW** the Plaintiff, George Cherry, and brings the following class action against Defendant, First Advantage Background Services Corp., ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

### PRELIMINARY STATEMENTS

1. Defendant is a Consumer Reporting Agency (as a "Consumer Reporting agency" is defined pursuant to the FCRA).

2. Defendant provided a Consumer Report concerning the Plaintiff to Adecco USA, Inc., (Adecco).

3. Defendant provided a Consumer Report concerning the Plaintiff to Adecco in or about March 2018.

4. The Consumer Report provided to Adecco contains information that is misleading, inaccurate, and confusing.

5. The Consumer Report contained information that threatened the livelihood of the Plaintiff.

**EXHIBIT 1**

6. Plaintiff brings this action against Defendant for violations of the FCRA.

7. Plaintiff seeks statutory damages, actual damages, injunctive relief, punitive damages, costs and attorneys' fees, and other appropriate relief pursuant to the FCRA.

## PARTIES

8. Plaintiff Cherry is a resident of St. Louis, Missouri.

9. Defendant is a foreign company doing business in Missouri.

## JURISDICTION AND VENUE

10. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

11. Venue is proper in this Court pursuant to R.S.Mo. 508.010.2(4).

## FACTUAL ALLEGATIONS

12. The Consumer Report provided to Adecco contains information that makes it appear as if the Plaintiff had been sentenced at the time of the report.

13. The Consumer Report provided to Adecco contains information that makes it appear as if the Court had issued a disposition in the reported case.

14. Indicating that there was a disposition in the Plaintiff's case makes it appear as if the Plaintiff was convicted.

15. Defendant's classification of the pending case as having a disposition is confusing and injured the Plaintiff.

16. Defendant's classification of the Plaintiff as having been sentenced is confusing and injured the Plaintiff.

17. On information and belief, Adecco relied on Defendant's Consumer Report for employment purposes.

18. On information and belief, Adecco relied on Defendant's Consumer Report and took adverse action against the Plaintiff that was based, in whole or in part, on information in the Consumer Report.

19. The inclusion of information that indicates that the Plaintiff was sentenced, when he was not, fails to achieve maximum possible accuracy.

20. The inclusion of information that indicates that the charge had a disposition, when it did not, fails to achieve maximum possible accuracy.

21. The inclusion of information that indicates that a sentence was issued makes it appear as if the Plaintiff was convicted of the crime charged.

22. Plaintiff was not convicted of the crime charged.

23. The continuance of a charge is not a sentence.

24. The issuance of a warrant is not a disposition.

25. The Defendant did not notify the Plaintiff, at the time the Consumer Report was provided to Adecco, that public record information was being reported to Adecco.

26. At the time the Defendant produced the Consumer Report to Adecco, concerning the Plaintiff, the Defendant did not attempt to comply with 15 U.S.C. § 1681k via §1681k(a)(1).

27. On information and belief, at the time the Defendant produced the Consumer Report to Adecco, concerning the Plaintiff, the Defendant would have attempted, if any attempt was made, to comply with 15 U.S.C. § 1681k via §1681k(a)(2).

28. Defendant failed to comply with 15 U.S.C. § 1681k.

29. The Consumer Report produced by the Defendant is not complete and up to date in violation of the FCRA.

30. Had the Consumer Report been complete and up to date it would have indicated the status of the pending charge.

31. The Consumer Report produced by the Defendant, concerning the Plaintiff, was produced in accordance with Defendant's policies.

32. Defendant is aware of the FCRA.

33. Defendant expects that the Consumer Reports they provide will be relied upon to make decisions regarding employment

34. Defendant has knowledge that it must comply with the FCRA.

35. Defendant is required to prepare all Consumer Reports in accordance with the FCRA.

36. Defendant's multiple violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

## CLASS ACTION ALLEGATIONS

37. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

38. Plaintiff asserts the following classes:

    **1681e(b) Disposition Class:** All individuals who were the subject of one or more Consumer Reports in which Defendant included information regarding an alleged disposition in which no disposition had taken place from March 19, 2017, through the conclusion of this matter.

    **1681e(b) Sentence Class**: All individuals who were the subject of one or more Consumer Reports in which Defendant included information regarding an alleged sentence in which no sentence had taken place from March 19, 2017, through the conclusion of this matter.

**1681k Class:** All individuals who were the subject of one or more Consumer Reports in which Defendant included matters of public record without giving contemporaneous notice as required by 15 U.S.C. § 1681k(a)(1) or maintaining strict procedures as required by 15 U.S.C. § 1681k(a)(2) from March 19, 2017, through the conclusion of this matter.

### Numerosity

39. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly produces Consumer Reports on individuals to third parties. Defendant fails to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the reports relate in compliance with the FCRA. Defendant also failed to comply with 1681k. Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the Putative Class.

### Common Questions of Law and Fact

40. Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual class members. Among the questions of law and fact common to the class is:

    a. Whether Defendant complies with 1681e(b) and follows reasonable procedures to assure maximum accuracy of the information contained in their reports;

    b. Whether Defendant's violations of the FCRA were willful;

    c. Whether the Defendant complies with the mandates of §1681k;

    d. The proper measure of statutory damages and punitive damages; and

### Typicality

41. Plaintiff's claims are typical of the members of the proposed class. Defendant is a Consumer Reporting agency that produces Consumer Reports to third parties.

Defendant produces the Consumer Report in violation of the mandates of the FCRA. The FCRA violations suffered by the Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

42. Plaintiff, as a representative of the class, will fairly and adequately protect the interests of the Putative Class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

### Superiority

43. This case is maintainable as a class action under Mo. R. Civ. P. 52(b)(1) because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class members' claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

44. This case is maintainable as a class action under Mo. R. Civ. P. 52(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the

Putative Classes, so that declaratory and/or injunctive relief is appropriate respecting the Classes as a whole.

45. Class certification is also appropriate under Mo. R. Civ. P. 52(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

46. Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 52. The names and address of the Putative Class members are available from Defendant's records.

## VIOLATIONS OF THE FCRA

47. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

48. Defendant's Consumer Report includes information in the disposition category

that is not a disposition.

49. Defendant's Consumer Report includes information in the sentence category that is not a sentence.

50. Plaintiff's case was not disposed of at the time the Defendant produced the Consumer Report to Adecco.

51. The Consumer Report is not complete and up to date as it does not indicate the charges have not been disposed of and there has been no sentencing.

52. Plaintiff had not received a sentence in the case identified in the Consumer Report at the time the Defendant produced the report to Adecco.

53. Defendant's actions were negligent, reckless, and willful.

54. Defendant's violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

   a. Defendant has access to legal advice;

   b. Defendant produced a Consumer Report on the Plaintiff that contained information that was misleading, inaccurate, confusing, incomplete, and not up to date;

   c. Defendant produced a Consumer Report that contained information that was not prepared in a manner that it would assure the maximum accuracy of the information being provided regarding the Plaintiff; and

   d. Defendant failed to abide by the FCRA.

55. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

56. Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

57. Plaintiff is further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

   a. Order finding that Defendant committed multiple, separate violations of the FCRA;

   b. Order finding that Defendant acted negligently and/or willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

   c. Order awarding statutory damages and punitive damages as provided the FCRA;

   d. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

   e. Order granting injunctive relief and other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff has a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEYS FOR PLAINTIFF



# IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI

| Judge or Division: R BRENT ELLIOTT | Case Number: 19CN-CC00011 | |
|---|---|---|
| Plaintiff/Petitioner: GEORGE CHERRY | Plaintiff's/Petitioner's Attorney/Address CHARLES JASON BROWN 301 S US HIGHWAY 169 GOWER, MO 64454-9116 | FILED 3/20/2019 ELLIS DOCKRAY CIRCUIT CLERK EX-OFFICIO RECORDER CLINTON CO, MO |
| vs. | | |
| Defendant/Respondent: FIRST ADVANTAGE BACKGROUND SERVICES CORP. | Court Address: 207 NORTH MAIN PLATTSBURG, MO 64477 | |
| Nature of Suit: CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: FIRST ADVANTAGE BACKGROUND SERVICES CORP.
Alias:
C/O CSC-LAWYERS INCORP SERVICE
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**COURT SEAL OF CLINTON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

03/20/2019
_____
Date
Further Information:

ELLIS DOCKRAY, CIRCUIT CLERK
BY: CONNIE THARP, DEPUTY CLERK

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: SHELLEY LEWIS (name) designee of Registered Agent. (title).
☐ other: _____

Served at 221 BOLIVAR ST., JEFFERSON CITY, MO 65101 (address)
in COLE (County/City of St. Louis), MO, on 03/21/19 (date) at 10:16AM (time).

DAVID M. ROBERTS
Printed Name of Sheriff or Server            Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on 3-21-19 (date).
(Seal)
My commission expires: 12-4-20
                        Date                    Notary Public

**Sheriff's Fees, if applicable**
Summons $ ____
Non Est $ ____
Sheriff's Deputy Salary Supplemental Surcharge $ 10.00
Mileage $ ____ ( ____ miles @ $ ____ per mile)
Total $ ____

PATRICIA J. ROBERTS
Notary Public-Notary Seal
STATE OF MISSOURI-County of Cole
Commission #12481691
My Commission Expires Dec. 4, 2020

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 19-SMCC-____    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.20, 506.120 – 506.140, and 506.150 RSMo

**EXHIBIT 2**

# AFFIDAVIT OF SERVICE

**State of Missouri**  **County of Clinton**  **Circuit Court**

Case Number: 19CV-CC00011

Plaintiff/Petitioner:
**GEORGE CHERRY**
vs.
Defendant/Respondent:
**FIRST ADVANTAGE BACKGROUND SERVICES CORP.**

Received by HPS Process Service & Investigations to be served on **First Advantage Background Services Corp., c/o Registered Agent: CSC-Lawyers Incorporating Service Co., 221 Bolivar Street, Jefferson City, MO 65101.** I, DAVID M. ROBERTS, being duly sworn, depose and say that on the 21 day of MAR, 2019 at 10:16 a.m., executed service by delivering a true copy of the Summons in Civil Case; and Petition in accordance with state statutes in the manner marked below:

[X] REGISTERED AGENT SERVICE: By serving SHELLEY LEWIS as designee for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____ as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving _____ as _____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 21st day of March, 19 by the affiant who is personally known to me.

NOTARY PUBLIC

PATRICIA J. ROBERTS
Notary Public-Notary Seal
STATE OF MISSOURI-County of Cole
Commission #12481691
My Commission Expires Dec. 4, 2020

PROCESS SERVER # PPS19-0336
Appointed in accordance with State Statutes

HPS Process Service & Investigations
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: 2019005493

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.0h